Marc J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Free Speech Systems, LLC

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| FREE SPEECH SYSTEMS, LLC,<br>   a Texas limited liability company<br><br>                  Plaintiff,<br><br>          vs.<br><br>PAYPAL, INC.,<br>   a Delaware corporation,<br><br>                  Defendant. | Case No. 5:18-cv-06013-LHK<br><br>**PLAINTIFF'S RENEWED EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Plaintiff Free Speech Systems, LLC ("FSS") timely served Defendant PayPal, Inc. ("PayPal"), before the Court's 1:00 p.m. service deadline on October 2, 2018, before the vacatur order entered.  Pursuant to Rule 65 of the Federal Rules of Civil Procedure, FSS hereby renews its request on an emergency basis that this Court issue a Temporary Restraining Order preserving the status quo and, subsequently, a preliminary injunction preserving the status quo, restraining PayPal from terminating Plaintiff's PayPal accounts until an arbitrator rules on whether to issue such injunctive relief in a subsequently-filed arbitration regarding this dispute.  An arbitration can not be commenced for 30 days, and thus this Court's intervention

is necessary. If this relief is not issued on or before October 5, 2018, Plaintiff will suffer irreparable injury.  Meanwhile, PayPal will suffer no injury at all.  (In fact, PayPal will continue to enjoy the same benefits it has enjoyed for 18 years of business with the Plaintiff).

On October 1, 2018, Plaintiff filed its Complaint (Doc. No. 1) and Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 3) (the "Motion").  In the Motion, Plaintiff requested a decision by October 5, 2018 to prevent irreparable harm.  On October 2, 2018, at 10:59 a.m., the Court issued an order instructing Defendant to file a response to the Motion by October 4, 2018, and that Plaintiff must serve the order by 1 p.m. that day (Doc. No. 11). **Plaintiff fully complied**.

Plaintiff served Defendant at approximately 12:25 p.m. on October 2, 2018, less than an hour and a half after the court ordered the Plaintiff to.  This was prior to the deadline imposed by the Court, and in the grand scheme of things, quite fast.  Prior to service, PayPal had already received and analyzed the complaint and the Motion with sufficient thoroughness that they were already commenting to the press about the case. (*See* Doc. Nos. 14 and 14-1.)

Despite serving PayPal formally with Mercury-like speed, Plaintiff did not receive the signed affidavit of service from the process server until the morning of October 3, 2018 (Doc. No. 16).  Nevertheless, the affidavit makes it clear that service was effected before the Court's deadline.

At approximately 12:30 p.m. that day, Plaintiff filed the certificate of service showing that it had served Defendant through its General Counsel via email and U.S. mail, and was in the process of serving Defendant's registered agent via courier (Doc. No. 12).[1]  Approximately 20 minutes later at 12:49 p.m.,

---

[1] Additionally, Plaintiff filed a notice on October 2, 2018 providing evidence that Defendant was aware of the suit and Plaintiff's claims as of October 1, 2018 (Doc. No. 14).

however, before the 1:00 p.m. deadline, the Court vacated its prior order because it found that Plaintiff "has failed to properly serve the Complaint and [the Motion] on Defendant" (Doc. No. 13).

Plaintiff was unable to file the affidavit of service before the deadline, but service was timely made. As there was also an issue with the electronic filing of Doc. No. 12, per the Clerk's entry earlier today, Plaintiff recognizes that the Court might not have been aware timely service was made when the vacatur issued. In light of the foregoing, and to avoid prejudice to Plaintiff, who fully complied with the Court's service order, Plaintiff renews its Motion here in its entirety and requests a decision on the Motion no later than October 5, 2018 – simply to preserve the status quo.

It would be in the interest of justice that the Court preserve the status quo for at least until PayPal can reasonably respond, or preferably until an arbitrator can take jurisdiction over the matter.

Dated: October 3, 2018.              Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

Attorneys for Plaintiff
Free Speech Systems, LLC

Case No. 5:18-cv-06013-LHK

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 3, 2018, I sent a true and correct copy of the foregoing document to Defendant and registered agent for PayPal, Inc. via email and U.S. Mail at the following addresses:

PayPal, Inc.
Attn: Litigation Department
2211 North First Street
San Jose, CA 95131
<wwalcott@paypal.com>

PayPal, Inc.
c/o C T Corporation System, Registered Agent
818 West Seventh Street, Suite 930
Los Angeles, California 90017

Respectfully submitted,

/s/ Tennyson J.

Employee,
Randazza Legal Group, PLLC