UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FREE SPEECH SYSTEMS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>PAYPAL, INC.,<br><br>  Defendant. | Case No. 18-CV-06013-LHK<br><br>**ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 3, 17 |

On October 1, 2018, Plaintiff Free Speech Systems, LLC ("Plaintiff") filed this suit against Defendant PayPal, Inc. ("PayPal") in which Plaintiff alleges that it will suffer harm from PayPal's refusal to continue processing payments for products purchased on Plaintiff's website. ECF No. 1 at ¶¶ 22, 24 ("Compl."). Before the Court is Plaintiff's first and second motions for a temporary restraining order and preliminary injunction to stop PayPal from discontinuing its payment processing services. ECF Nos. 3, 17. For the reasons given below, the Court DENIES Plaintiff's motions for a temporary restraining order and preliminary injunction.

**I.   BACKGROUND**

On October 1, 2018, Plaintiff filed its complaint against PayPal as well as its first

1

Case No. 18-CV-06013-LHK
ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

emergency motion for a temporary restraining order and preliminary injunction ("Mot."). On October 3, 2018, Plaintiff filed a second emergency motion for a temporary restraining order and preliminary injunction. ECF No. 17. Both emergency motions request a ruling on or before October 5, 2018.[1] ECF No. 3 at 1; ECF No. 17 at 3. On October 4, 2018, PayPal filed a response, ECF No. 23, after which Plaintiff filed a reply on the same day, ECF No. 24.

Paypal is a "payment-processing platform." Compl. at ¶ 8. In the past, Plaintiff has used PayPal to process payments from purchases made on Plaintiff's website, infowarsstore.com. *Id.* at ¶ 2. Plaintiff also operates two news sites, infowars.com and prisonplanet.com, on which nothing is offered for sale but which link to infowarsstore.com. *Id.* at ¶¶ 1, 3. Plaintiff alleges, however, that PayPal has recently "banned Plaintiff from its payment-processing platform for no reason other than disagreement with the [political] messages Plaintiff conveys" on its news websites. *Id.* at ¶ 8. In particular, PayPal's purported rationale for banning Plaintiff was that Plaintiff's content on its news websites violated PayPal's Acceptable Use Policy. *Id.* at ¶¶ 9, 27.

## II.    LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Moreover, the party seeking the injunction bears the burden of proving these elements.

---

[1] Plaintiff acknowledges that any potential relief granted by the Court would last only until "an arbitrator rules on whether to issue such injunctive relief in a subsequently-filed arbitration regarding this dispute." ECF No. 17 at 1. Thus, the Court questions whether Plaintiff's dispute, which apparently is subject to arbitration, is even properly before the Court.

2
Case No. 18-CV-06013-LHK
ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

*Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).

### III.    DISCUSSION

Plaintiff advances two grounds on which it claims it will suffer irreparable injury if the requested relief is denied. First, Plaintiff argues that it will lose substantial revenue, and because this loss "cannot be quantified with certainty, it constitutes irreparable injury." Mot. at 21. Second, Plaintiff contends that Plaintiff is "essentially being cut off from the Internet" and losing customer goodwill because it is now seen as a "less legitimate business." *Id.* PayPal responds by noting that first, lost sales do not constitute irreparable harm because lost sales are commonly recoverable during the normal course of litigation. ECF No. 23 at 7.  Second, PayPal notes that it did not publicize its decision to stop doing business with the Plaintiff. *Id.* It was Plaintiff that did so; thus, any purported loss of goodwill resulted from Plaintiff's own actions. *Id.* Additionally, PayPal argues that it is pure speculation that the publicity will harm and not help Plaintiff's business. *Id.*

The Court agrees with PayPal. "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money . . . necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *Am. Passage Media Corp v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473-74 (9th Cir. 1985) ("Monetary damages are not usually sufficient to establish irreparable harm."). Plaintiff's purported loss of revenue from PayPal's refusal to process payments is insufficient to demonstrate *irreparable* injury because, quite simply, the purported loss of revenue is *reparable* via monetary damages. Merely because the injury cannot be quantified with certainty at present does not mean that it is forever incapable of calculation.

Furthermore, Plaintiff's allegations regarding loss of goodwill are completely conclusory and lack any factual support. *See, e.g.*, Compl. at ¶ 26 ("PayPal deciding to kick Plaintiff off its

3

Case No. 18-CV-06013-LHK
ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

platform has harmed the legitimacy of Plaintiff as a news organization in the eyes of the general public and has already led to a loss of good will."). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. . . . [A] plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (citations omitted) (emphasis in original); *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."). Plaintiff's allegations regarding loss of goodwill are pure speculation. Even if this loss of goodwill were to lead Plaintiff to lose customers or site visitors, this might also be characterized as economic injury remediable by monetary damages. *See, e.g.*, *Arcsoft, Inc. v. Cyberlink Corp.*, 153 F. Supp. 3d 1057, 1074-75 (N.D. Cal. 2015) ("[Plaintiff] fails to offer any persuasive explanation of how the decreases in downloads, users, and advertising sales are not properly characterized as economic injuries.").

In sum, Plaintiff has failed to demonstrate that it will suffer irreparable injury. As such, the Court denies Plaintiff relief on this basis alone, and need not address the remaining *Winter* factors.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's first and second motions for a temporary restraining order and preliminary injunction are DENIED.

**IT IS SO ORDERED.**

Dated: October 5, 2018

_____

LUCY H. KOH
United States District Judge

4
Case No. 18-CV-06013-LHK
ORDER DENYING PLAINTIFF'S EMERGENCY MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION